Filed 11/30/21  Sanchez v. JFK Memorial Hospital CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ARACELI SANCHEZ, | |
| Plaintiff and Respondent, | E072560 |
| v. | (Super. Ct. No. PSC1805119) |
| JFK MEMORIAL HOSPITAL, INC. et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  David M. Chapman, Judge.  Reversed.

Hill, Farrer & Burrill, Michael S. Turner, Dean E. Dennis and Jenner C. Tseng, for Appellants and Defendants.

Law Offices of Ramin R. Younessi, Ramin R. Younessi, Gabrielle A. Pedone and Samantha L. Ortiz, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Plaintiff and Respondent, Araceli Sanchez, sued her employer, Defendant and Appellant, JFK Memorial Hospital, Inc. (JFK), and her supervisor, Jose Pecero, for various claims related to her employment. In response, defendants petitioned to compel arbitration of her claims. The trial court denied the petition because the parties' arbitration agreement's prearbitration dispute resolution process is unconscionable and not severable. We reverse.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

JFK hired Sanchez in 2015. As part of her onboarding, Sanchez electronically signed JFK's "Handbook and Fair Treatment Process Acknowledgement."[1] The Acknowledgement provides in relevant part: "Except to the extent that any applicable collective bargaining agreement provides otherwise, I hereby voluntarily agree to use the Company's Fair Treatment Process [(FTP)] and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment" with JFK.

---

[1] JFK is a part of Tenet Healthcare. All of Sanchez's employment documents refer to "Tenet" instead of JFK, but there is no material difference between them for purposes of this appeal.

In 2018, Sanchez filed this case against JFK and Pecero, alleging various employment-related claims.[2] Defendants therefore petitioned to compel arbitration of Sanchez's claims, except for her claim under the Private Attorneys General Act (PAGA; Lab. Code, §§ 2699 et seq.). Sanchez opposed the petition on the grounds that she did not agree to arbitrate her claims and the FTP is unconscionable.

The trial court denied the petition. The court found that Sanchez agreed to arbitrate her claims, but found that the FTP is unconscionable and thus unenforceable. The court reasoned that the FTP was "presumed to be procedurally unconscionable because of the inequality of the parties' bargaining power and an absence of real negotiation or a meaningful choice on the part of Sanchez whether to agree to the [arbitration] agreement." The trial court found that the FTP's four-step prearbitration procedure was substantively unconscionable because it would afford JFK a "'free peek'" at Sanchez's case before she requested arbitration, which would give JFK "'an advantage if and when [she] were to later demand arbitration.'" The trial court also found it was "not possible" to sever the FTP's "prearbitration requirements" and, even if it were, severing them was inappropriate because the FTP's prearbitration process sought "to inhibit Sanchez's access to a fair resolution of the dispute by requiring her to disclose to JFK the evidence and arguments she would present before arbitration."

Defendants timely appealed.

---

[2] The allegations underlying Sanchez's claims are not relevant to the issues on appeal.

3

## III.

## DISCUSSION

Defendants argue the trial court erred in denying its petition to compel arbitration because (1) the FTP's prearbitration process is not unconscionable and (2) even if it were, the trial court should have severed the prearbitration provisions, upheld the parties' arbitration agreement, and ordered them to arbitration. We assume without deciding that the FTP's prearbitration process is unconscionable because, even if it is, the trial court should have severed it, granted defendants' petition, and ordered the parties to arbitration.

Civil Code section 1670.5, subdivision (a) provides: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." Accordingly, "[u]nder this section the court, in its discretion, may refuse to enforce the contract as a whole if it is permeated by the unconscionability, or it may strike any single clause or group of clauses which are so tainted or which are contrary to the essential purpose of the agreement, or it may simply limit unconscionable clauses so as to avoid unconscionable results." (Cal. Civ. Code, § 1670.5, Legis. Comm. Comments, n. 2; see also *Lhotka v. Geographic Expeditions, Inc.* (2010) 181 Cal.App.4th 816, 826 ["The trial court has discretion under [Civil Code section 1670.5, subdivision (a)] to refuse to enforce an entire agreement if the agreement is 'permeated' by unconscionability."].)

4

Two policies support severing a contract's illegal provision rather than voiding the entire contract: "The first is to prevent parties from gaining undeserved benefit or suffering undeserved detriment as a result of voiding the entire agreement—particularly when there has been full or partial performance of the contract. [Citations.] Second, more generally, the doctrine of severance attempts to conserve a contractual relationship if to do so would not be condoning an illegal scheme." (*Armendariz v. Foundation Health Psychcare Servs.* (2000) 24 Cal.4th 83, 123-124.)

To determine whether to sever unconscionable provisions in an arbitration agreement, "[c]ourts are to look to the various purposes of the contract. If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." (*Armendariz v. Foundation Health Psychcare Servs.*, *supra*, 24 Cal.4th at p. 124.)

Thus, "[i]n determining whether to sever or restrict illegal terms rather than voiding the entire contract, '[t]he overarching inquiry is whether "'the interests of justice . . . would be furthered'" by severance.' [Citation.] Significantly, the strong legislative and judicial preference is to sever the offending term and enforce the balance of the agreement: Although 'the statute appears to give a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement[,] . . . it also appears to contemplate the latter course only when an

5

agreement is "permeated" by unconscionability.' [Citation.]" (*Roman v. Superior Court* (2009) 172 Cal.App.4th 1462, 1477-1478.) To determine whether an arbitration agreement is "permeated" with unconscionability, courts look to (1) whether there are multiple unconscionable provisions; (2) whether "the central purpose" of the contract is illegal; and (3) whether the contract can be "saved" by severing the unconscionable terms, or whether the contract would have to be "reformed." (*Poublon v. C.H. Robinson Co.* (9th Cir. 2017) 846 F.3d 1251, 1273.)

Sanchez did not comply with the FTP prearbitration process and defendants have not sought to enforce it. The arbitration agreement can be "saved" by severing the prearbitration provisions of the FTP and ordering the parties to arbitration. After doing so, Sanchez's claims can be arbitrated free of any allegedly unconscionable terms. The trial court thus could have easily severed the FTP's prearbitration provisions, upheld the remainder of the parties' arbitration agreement (none of which Sanchez challenges), and ordered the parties to arbitration. As a result, we conclude the trial court abused its discretion in declining to sever the FTP's prearbitration provisions and denying defendants' petition to compel arbitration.

IV.

DISPOSITION

The trial court's order denying defendants' petition to compel arbitration is reversed. The trial court is directed to sever the FTP's prearbitration provisions, grant

6

defendants' petition to compel arbitration, and order the parties to arbitrate Sanchez's claims.  Defendants may recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


CODRINGTON
Acting P. J.

We concur:


FIELDS
J.


MENETREZ
J.